CASE 81—PETITION ORDINARY—JUNE 23.

# The Eastern Kentucky Railway Company v. Brown.

### APPEAL FROM CLARK CIRCUIT COURT.

1. JURISDICTION.—Although an injunction bond is executed in the Federal courts, upon the dissolution of the injunction, the State courts have jurisdiction of an action on the bond. (Meyers v. Block, 120 U. S., 206.)

2. INJUNCTION BOND—ACTION ON—REMEDY.—It is only where the enforcement of a judgment has been enjoined that the court must at the time the injunction is dissolved ascertain the damages. (Alexander v. Gish, 88 Ky., 13.)

WM. H. HOLT FOR APPELLANT.

1. While the Federal Court in which the bond was executed, upon its dissolution might have, under its practice, assessed the damages against the parties, it did not do so, and left the appellant's only remedy an action on the bond.

2. Upon the dissolution of an injunction where the enforcement of a judgment is enjoined, the court *must* assess the damages against the plaintiff and the assessment is conclusive as to the surety in the bond. (Civil Code, sec. 295; 3 Dana, 437; 7 B. M., 57; 89 Ky.,

The Eastern Kentucky Railway Co. v. Brown.

1.) But where the injunction does not stay the enforcement of a judgment, upon its dissolution, the party may sue on the bond for damages without any previous assessment. (Rankins v. Estes, 13 Bush, 428; Logsden v. Willis, 14 Bush, 183; Alexander v. Gish, 88 Ky., 13.)

RODNEY HAGGARD and EDWARD W. HINES on same side.

1. Although the bond was executed in the Federal Court, the State courts have jurisdiction of an action thereon. (Meyers v. Block, 120 U. S., 206.)
2. An assessment of damages is required as a condition precedent to an action on the bond, only where the enforcement of a *judgment* has been enjoined. (Alexander v. Gish, 88 Ky., 18.)
3. While if the Federal Court had assessed the damages or refused to assess them, its action would have been conclusive, yet its failure to act does not take away the defendant's right of action on the bond. (Russell v. Farley, 105 U. S., 433.)

E. B. WILHOIT on same side.

1. The State courts have jurisdiction of an action on an injunction bond that was executed in the Federal Court. (Meyers v. Block, 120 U. S., 206; Alexander v. Gish, 88 Ky., 13.)
2. The language of the bond providing for the payment of "such damages as may be awarded," means such damages as the court having jurisdiction shall fix and award in an action on the bond after the injunction is dissolved.

BECKNER & JOUETT for appellees in petition for re-hearing.

1. If the court in which the injunction was granted had the power to award damages when it was dissolved, as is conceded, may it not be assumed that the covenant "to pay all such damages as may be *awarded*," was entered into with this power in view, and was intended to do no more than to secure the payment of the damages so awarded by the court. If no damages have been *awarded*, there has been no breach of the bond, and this action was premature. To sustain the appellant's right to sue in this case, is to change the conditions of the bond and to create an obligation such as the surety might not have been willing to enter into and certainly did not contemplate when he executed it. (Ashby v. Chambers, 3 Dana, 437.)

HOLT & HOLT AND EDWARD W. HINES IN RESPONSE TO THE PETI-
TION FOR RE-HEARING.

1. A recovery in an action on the bond will be an "award" of damages
   within the meaning of the conditions of the bond. (Hibbard v.
   McKindley, 28 Ill., 256.)

CHIEF JUSTICE PRYOR DELIVERED THE OPINION OF THE COURT.

This action is on an injunction bond and a demurrer sus-
tained to the petition.    The bond was executed in the United
States Circuit Court for Kentucky and by a mandatory in-
junction the appellant was compelled to deliver to the appel-
lee, Brown, an engine upon which it claimed a lien for repairs.
It seems the State court had jurisdicton, although the bond
was given in the Federal Court.    (Myers v. Block, 120 U. S.)
Under the rule in this court or in this State it is only where
the enforcement of a judgment has been enjoined that the
court at the time must asecrtain the damages.    (Alexander
v. Gish, 88 Ky.)    The demurrer should have been overruled.
Reversed and remanded, that that may be done.